Joseph J. Peters (Attorney ID# 008921976)
**MANDELBAUM BARRETT**
A Professional Corporation
510 Thornall Street, Suite 270
Edison, NJ 08837
t. 732.628.0900 f. 732.628.0920
*Attorneys for Plaintiff, Jamie Chun-Lee*

| | |
|---|---|
| JAMIE CHUN-LEE<br><br>*Plaintiff,*<br><br>vs.<br><br>MAREK TOCZYLOWSKI, L&M EXPRESS, LLC, JOHN DOES 1-4 and ABC CORPS. 1-4, fictitious persons and business entities whose identities presently are unknown,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND DEMAND FOR INTERROGATORIES** |

Plaintiff, Jamie Chun Lee, currently residing at 80 Kelly Drive, Township of Edison, County of Middlesex, and State of New Jersey 08820, through her attorneys, Mandelbaum Barrett P.C., by way of Complaint against defendants, Marek Toczylowski, L&M, Express, LLC, John Does 1-4, and ABC Corps. 1-4, say:

### THE PARTIES

1.  Plaintiff Jamie Chun-Lee is a resident of the State of New Jersey, residing at 80 Kelly Drive, Edison, New Jersey 08820.

2.  Upon information and belief, defendant Marek Toczylowski is a resident of the State of Pennsylvania, residing at 8 Brush Drive, East Stroudsburg, PA 18302.

3.  Upon information and belief, defendant L&M, Express, LLC is a business entity located in the State of Pennsylvania, headquartered at 8 Brush Drive, East Stroudsburg, PA 18302.

1

4. John Does 1-4 and ABC Corps. 1-4 are fictitious persons and business entities whose identities presently are unknown to plaintiff, who are liable for defendants' negligent acts and omissions, and/or their own negligence, as alleged herein.

## FIRST COUNT

5. Plaintiff incorporates by reference all facts and allegations contained in paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. On June 28, 2021, plaintiff Jamie Chun-Lee ("Chun-Lee") was a lawful passenger in a motor vehicle that she owned. Said vehicle was properly stopped, as required due to stopped traffic ahead of her, on Highway 18 South near the intersection of Edgeboro Road in the Township of East Brunswick, County of Middlesex and State of New Jersey.

7. At the time and place aforesaid, defendant, Marek Toczylowski ("Toczylowski") was operating a 2020 Freightliner Tractor Trailer, owned by defendant, L&M Express, LLC ("L&M") on southbound Highway 18 near intersection of Edgeboro Road in the Township of East Brunswick, County of Middlesex and State of New Jersey.

8. Defendant, Toczylowski carelessly, negligently, and recklessly failed to make proper observations of the southbound traffic ahead of him, causing his vehicle to collide, at high-speed, with the rear-end of the plaintiff, Chun-Lee's vehicle, which was properly stopped in traffic directly ahead.

9. The collisions that occurred between the two vehicles driven by defendant, Toczylowski, and the vehicle that plaintiff Chun-Lee owned and was a passenger in was proximately caused by the careless, negligent, and reckless operation, maintenance, and control of the vehicle operated by defendant, Toczylowski.

10. As a result of the aforesaid accident, plaintiff, Chun-Lee sustained property damage, multiple, severe and permanent injuries, and incurred medical bills, and disabling her

2

4870-4242-1524, v. 1

from her normal activities and employment; and plaintiff, Chun-Lee will, in the future, experience great pain and suffering and loss of enjoyment of life, be caused to seek medical treatment, including, but not limited to, undergoing surgery, incur medical bills, suffer severe and permanent injuries, and be disabled from his normal activities and employment.

**WHEREFORE,** plaintiff, Jamie Chun-Lee demands judgment against defendants, Marek Toczylowski, L&M Express, LLC, jointly and severally, for compensatory damages, together with interest, attorneys' fees and costs of suit.

## SECOND COUNT

11. Plaintiff incorporates by reference all facts and allegations contained in paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. At the time of the aforesaid accident, defendant, Toczylowski was acting as the agent, servant or employee of defendants L&M, John Does 1-4 and/or ABC Corps. 1-4, are fictitious persons or business entities whose identity presently is unknown to plaintiff.

13. Defendants, L&M, John Does 1-4 and/or ABC Corps. 1-4, are fictitious persons or business entities whose identity presently is unknown to plaintiff, failed to maintain defendant, L&M Express, LLC's vehicle operated by defendant, Toczylowski's in a safe and careful manner.

14. At the time of and prior to the aforementioned accident, defendants, L&M Express, LLC, John Does 1-4 and/or ABC Corps. 1-4, are fictitious persons or business entities whose identity presently is unknown to plaintiff, carelessly, negligently, and recklessly entrusted the vehicle operated by defendant, Toczylowski, when they knew or should have known that it was likely that he would fail to operate the vehicle in a safe and careful manner.

15. Defendants, L&M Express, LLC, John Does 1-4 and/or ABC Corps. 1-4, fictitious persons or business entities whose identities presently are unknown to plaintiff, are legally

3

4870-4242-1524, v. 1

responsible for the careless and negligent conduct of defendant, Toczylowski, and for their own negligence, and are liable to plaintiff, Chun-Lee for the injuries and damages which she sustained.

16. As a result of the aforesaid accident, plaintiff, Chun-Lee sustained property damage and multiple, severe and permanent injuries, and incurred medical bills, and disabling her from her normal activities and employment; and plaintiff, Chun-Lee will, in the future, experience great pain and suffering and loss of enjoyment of life, be caused to seek medical treatment, including, but not limited to, undergoing surgery, incur medical bills, suffer severe and permanent injuries, and be disabled from his normal activities and employment.

**WHEREFORE,** plaintiff, Jamie Chun-Lee demands judgment against defendants L&M Express, LLC John Does 1-4, and ABC Corps. 1-4, jointly and severally, for compensatory damages, together with interest, attorneys' fees and costs of suit.

## DEMAND FOR INTERROGATORIES

Plaintiff hereby demand, pursuant to *R.* 4:17-1(b), that defendants answer Forms C and C (1) of the Uniform Interrogatories set forth in Appendix II of the New Jersey Court Rules, within the time required therein.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designate Joseph J. Peters Esq. as their trial counsel in this matter pursuant to *R.* 4:25-4.

## JURY DEMAND

Plaintiff hereby demand a trial by jury of all the issues of this case.

                                              **MANDELBAUM BARRETT P.C.**
                                              *Attorneys for Plaintiff,*

                                              *Joseph J. Peters*
                                              _____
                                              JOSEPH J. PETERS

DATED: 03/21/2022

## DEMAND FOR INSURANCE

Pursuant to Rule 4:10-2, the plaintiff demands information as to any and all insurance agreement entered into by the defendants in effect on date of accident as follows:

A. Personal injury limit;

B. Property damage limit;

C. Medical payment limit; and

D. Name of carrier and policy number.

**MANDELBAUM BARRETT P.C.**
*Attorneys for Plaintiff,*

Dated: 03/21/2022

*Joseph J. Peters*
_____
JOSEPH J. PETERS

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, plaintiff demands the production for purposes of inspection and copying at the offices of Mandelbaum, Barrett, P.C., 510 Thornall Street, Suite 180, Edison, New Jersey 08837, within 50 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint:

1. Any written statements which you, or your counsel, have in your possession, custody, or control in regard to this incident/accident.

2. Copies of any photographs, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner, to the incident, to the injuries which plaintiff claims to have been sustained as a result of this incident/accident, or to property damage caused by this incident/accident.

3. A copy of all medical records regarding any treatment or consultation sought, or received, by the plaintiff as a result of this incident/accident.

4. Any documents which you claim (a) supports the separate defenses set forth in your responsive pleading to plaintiff's complaint and your answers to interrogatories or (b) rebuts the allegations set forth in plaintiffs' complaint or her answers to interrogatories.

5. Any and all documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of this accident/incident.

6. A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of defendants that relate to the disputed facts alleged with particularity in the pleadings.

7. A copy of all written reports prepared and signed by any person who may be used at trial under Evidence Rules 702, 703 or 705.

8. Copies of all notes, records, and reports of all doctors, physiatrists, nurses, psychiatrists, psychologists, neuropsychologist, neurologist, or any other healthcare professional retained by defendants for purposes of performing an examination and evaluation on the plaintiff.

9. Any written statement which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading, or with respect to any damages.

10. Any and all insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment pursuant to R 4:10-2(b). Terms of the policy are also requested.

11. Copies of any and all documents, not otherwise set forth, which were sent to or received from the plaintiff.

4870-4242-1524, v. 1

12. Copies of any and all statements and other documents obtained by any person or entity which concern or relate to plaintiffs' complaint or any defendant's answers, separate defense(s), or counterclaim(s).

13. Any and all documents which were filled out by or on behalf of plaintiff at the request of defendants' expert or his/her agents or employee.

14. Any and all documents considered by the defendants' expert in preparing his/her report or conducting an examination or evaluation.

15. Any and all diagrams, charts, models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

16. Any and all police reports concerning any automobile accident involving any defendant that occurred within one year (before and after) of the date of the incident(s) complained of in plaintiffs' complaint.

17. Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon by any expert witness whom the party responding to this document demand intends to call at trial.

18. Any and all treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any opinions, testimony or conclusions asserted by your experts.

19. Any and all treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication, and edition.

20. Any and all transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may testify in this matter.

21. Any and all documents concerning any and all claims for bodily injury to plaintiff that are in the possession, custody, or control of defendants or defendants' attorney.

22. Any and all documents you have concerning any claim for bodily injuries made by plaintiff other than the incident concerning this lawsuit.

23. Copies of any and all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

24. Any and all surveillance videos, reports, notes, memoranda, or other documents respecting plaintiff.

25. Any and all hospital records and reports of doctors and medical records of any doctor who treated defendants for injuries sustained in the incident which forms the basis of this suit.

26. All statements in the possession of the defendants or their insurance carrier provided by eyewitnesses to the accident set forth in this Complaint.

27. Any written statements or transcripts of verbal statements given by defendant in connection with any property-damage claim asserted by or against defendants, by any individuals or companies, in connection with this incident.

28. A true copy of all documents received by defendants or their representative from Commercial Index Bureau, Inc., relating to the plaintiff.

29. A true copy of all letters sent by defendants' insurance carrier representative or claims adjuster or administrator to any physician requested to do any medical examination of the plaintiff on behalf of defendants in this action.

30. Any written statement or transcripts of verbal statements given by this plaintiff in connection with the subject accident and/or claim or regarding any prior or subsequent claim, in the possession of defendants, their attorneys, or their insurance carrier.

### DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to R.4:17-1(b)(ii) plaintiff demands certified answers to Form C and C(1) of the Uniform Interrogatories set forth in the Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. Specify where you were coming from and where you intend to go at the time of the accident (give the name and exact street address of each location).

2. State whether you consumed any drugs, medication or alcoholic beverages in the 24 hours before the accident, specifying the kind, amount and place where consumed.

3. Describe your path of travel, including speed, during the last 500 feet of travel immediately before the point of impact.

4. State what you did, if anything, to avoid the accident.

5. State whether your license or driving privileges have been suspended /revoked within the last five years and indicate the reasons why.

6. If the defendants contend in any way that the injuries claimed by plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendants will rely in support of said contention. Annex hereto copies of any and all medical records or other documents upon which defendants will rely in support of said contention.

7. If defendants contend that plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state:

9

      a.    The date of any and all said injuries; and

      b.    The nature of any said injuries.

8.    With regard to any property damage sustained by any vehicle in connection with this incident, attach any appraisal reports, damage photographs, and repair invoices generated in connection with this accident.

9.    State whether or not you owned, possessed, or utilized a cellular phone, car phone, pager, or Personal Digital Assistant (PDA) on the date of the accident. If so, please state the name and address of the telephone company billing you for the use of each said phone/pager/PDA on the date of the accident; the specific types of phone/pager/PDA and corresponding phone numbers; and attach hereto a copy of all billing statements for all calls made or received on each phone/pager/PDA on the day of the subject accident.

10.    State whether or not you wear, need to wear and/or are required to wear any type of corrective lenses at the time of the accident and if so, state what type of corrective lenses you wear, whether you are nearsighted or farsighted, what level of strength your eyesight has been diagnosed at, and the names and addresses of all optometrists, ophthalmologists, eye surgeons, and other physicians seen over the past 5 years with regard to the care of your eyes.

10

## CERTIFICATION

We hereby certify, pursuant to *R.* 4:5-1(b)(2), that to our knowledge and based upon the information available to us at this time, the matter in controversy is not the subject of any other action pending in any court or of pending arbitration proceedings. We hereby certify that to our knowledge and based upon the information available to us at this time, no additional parties should be joined in the action.

We further certify, pursuant to *R.* 4:5-1(b).(3), that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *R.* 1:38-7(b).

**MANDELBAUM BARRETT, P.C.**
*Attorneys for Plaintiff,*

*Joseph J. Peters*

JOSEPH J. PETERS

DATED: 03/21/2022

11

4870-4242-1524, v. 1